J. W. McClure, Respondent, v. James E. Ritchey
·          *et al.*, Appellants.

Kansas City Court of Appeals, April 23, 1888.

Practice—Instructions—Grounds for Refusal of—Case Adjudged. Where the ground upon which a refused instruction is based is practically covered by one already given, the refusal is proper. So a refusal of an instruction on the ground that it singles out special matter in the evidence is justified. And where it is evident (as it is here) from the instructions given for plaintiff, in connection with the evidence in the cause, that the court determined the case upon a proper theory of the law, this court will not disturb the judgment.

Appeal from Pettis Circuit Court, Hon. Richard Field, Judge.

*Affirmed.*

Statement of case by the court.

This is an action by plaintiff to recover the value of his services in effecting an exchange of certain property of defendants in the city of Sedalia. The plaintiff alleged that defendants employed him to make the exchanges, and also alleged that he had found a purchaser and brought the parties together, and that the trade was concluded to the satisfaction of defendants, and that his services were of the value of $190.50. The answer was a general denial. The trial was before the court, without a jury. On the trial it was admitted that the value of plaintiff's services were as alleged in the petition, and if the finding was for the plaintiff, it should be in the amount sued for. There was no dispute except as to the matter of employment. Concerning that the evidence was conflicting, the evidence for plaintiff tending to establish an employment and that for defendants to disprove it.

The court declared the law, at the instance of plaintiff, to the effect that if the court found, from the evidence, that the defendants employed the plaintiff to sell or exchange their property, and that the amount of compensation was not agreed upon, and further found that the plaintiff, by his services and exertions, found and produced a party with whom defendants exchanged their property on terms satisfactory to them, and that such exchange was fully consummated, and defendants received the benefit thereof, then plaintiff was entitled to compensation in such sum as the court might find, from the evidence and admissions, was the reasonable value of said services, with six per cent. from commencement of suit; that it was not necessary that the employment should be proved by an express contract, but might be inferred from all the facts and circumstances, and from the dealings and transactions between the parties, as shown in evidence.

The court refused two instructions asked by defendants. The first of these declared that, "although the evidence may show that defendants did exchange certain lots in the city of Sedalia, and that plaintiff was the procuring cause of the negotiations leading to such trade, yet unless the evidence further shows that defendants employed plaintiff as their agent, or engaged or authorized him to make a sale or trade of their said stock of furniture, he cannot recover."

The second was as follows : "The mere fact that defendants were informed by plaintiff, before the trade between themselves and Stahl was finally consummated, that he claimed to be acting as their agent in said trade, and that he was entitled to a commission therefor, and that after being so informed, defendants went ahead and closed said trade, did not of itself render them liable to plaintiff for the commission claimed."

Upon the evidence, the court found for plaintiff, and defendants have appealed, contending that the court committed error in refusing their instructions.

William S. Shirk, for the appellants.

I. It was error for the court to refuse defendants' declarations prayed. There must be an appointment to constitute one an agent. It is a rule of law, that as between themselves no one can become an agent, except by the will of a principal. Evans on Agency (Ewell's Ed.) 22 ; *Stringham v. Ins. Co.*, 4 Abb. App. Dec. (N. Y.) 315 ; *McGoldrick v. Willets*, 52 N. Y. 612 ; *Bank v. Bently*, 27 Minn. 87 ; *Gifford v. Landrine*, 37 N. J. Eq. 127. The fact that after defendants and Stahl had agreed upon the terms of their trade, each believing McClure to be the agent of the other, the defendants went on and consummated said trade, after being informed that McClure claimed to be their agent, did not of itself constitute a ratification of his acts, nor did it estop them from denying that they had employed him. *Hammerslough v. Cheatham*, 84 Mo. 13 ; *Alexander v. Rollins*, 14 Mo. App. 109 ; s. c., affirmed, 84 Mo. 657.

II. The refusal of defendants' declarations of law, shows that the lower court decided the case upon the theory of law, that if plaintiff without employment, or as a mere volunteer, brought the parties together, each thinking him the other's agent, that he was entitled to commissions, if such parties finally concluded a trade. Such is not the law. All the cases on this point show a prior employment of the broker. *Bell v. Kaiser*, 50 Mo. 150 ; *Budd v. Zoller*, 52 Mo. 238 ; *Taubman v. Craddock*, 70 Mo. 638. There is no dispute but that each party to the trade believed McClure the agent of the other, until the trade was agreed upon. Defendants were not bound when they then learned that McClure claimed to have been acting as their agent to break off the trade, in order to avoid liability to him for his commission. The court declared otherwise, in effect, by refusing defendants' second instruction. This was error.

III. The giving of plaintiff's instructions did not cure the refusal of defendants'. They do not cover the

same propositions of law. *Martin v. Smylee*, 57 Mo. 577 ; *Whetstone v. Shaw*, 70 Mo. 575. The rule goes no further as will be seen by reference to the many cases in our reports.

GEO. W. BARNETT and GEO. P. B. JACKSON, for the respondent.

I. The instructions given correctly declared the law and covered the whole case. The employment of an agent need not be proven by an express contract, but may be implied from circumstances. Ewell's Evans' Agency, 22 ; Wood's Master and Servant, secs. 62, 71. A real-estate agent is entitled to his commission if he is the procuring cause of the negotiations, although they are concluded by the principal. *Tyler v. Parr*, 52 Mo. 249 ; *Timberman v. Craddock*, 70 Mo. 638.

II. There was no error in refusing defendants' instructions, because those given for plaintiff covered the case and fully and fairly declared the law. *Nugent v. Curran*, 77 Mo. 323 ; *Harris v. Lee*, 80 Mo. 420 ; *State v. Cooper*, 83 Mo. 698 ; *State v. Kelley*, 85 Mo. 143 ; *State ex rel. v. Brokerage Co.*, 85 Mo. 411 ; *Norton v. Moberly*, 18 Mo. App. 457 ; *Boone v. Railroad*, 20 Mo. App. 232 ; *Shaffer v. Leahy*, 21 Mo. App. 110. Defendants' first instruction required the trier of the fact to declare the law, and was unintelligible, and for that reason was properly refused. *Greer v. Railroad*, 80 Mo. 555. It was ambiguous, and, therefore, properly refused. *Young v. Ridenbaugh*, 67 Mo. 574 ; *Dunn v. Dunnaker*, 87 Mo. 597. Defendants' second instruction was vicious because it attempted to single out one particular matter, and instruct the jury as to that. *Miller v. Marks*, 20 Mo. App. 369 ; *Weil v. Schwartz*, 21 Mo. App. 372, 382 ; *Shaffer v. Leahy*, 20 Mo. App. 110. It was also erroneous because it assumed that plaintiff based his right to recover on the proposition which it sought to refute, which was not the fact ; and because it omitted any mention of plaintiff's expectation of being paid, or of defendants' knowledge that plaintiff was

rendering them service with such expectation, or of defendants' failure to notify plaintiff to desist. It was, therefore, misleading. *Day v. Caton*, 119 Mass. 513; *Holmes v. Board of Trade*, 81 Mo. 137, 144; Wood's Master and Servant, secs. 62, 67, 71.

Ellison, J.—The foregoing, taken substantially from the briefs before us, contains a fair statement of the case. The cause being heard without the intervention of a jury, the instructions are only important as showing the theory which guided the court to its conclusion. The first offered by defendants was properly refused as it is practically covered by the first given for plaintiff, which required the court to find an employment of plaintiff before there could be a finding for him.

We do not agree with the contention of defendants that the refusal of their second instruction shows the court entertained a view, the converse of what is there stated. It might well have been refused on the ground of singling out special matter in the evidence. But however this may be, it is evident from the instructions given for plaintiff, in connection with the evidence in the cause, that the court determined the case upon a proper theory of the law.

We will not enter into a discussion of the authorities cited by defendants, for the reason that it is not necessary to a proper disposition of the case under the evidence to combat the propositions advanced by them.

We discover no sufficient reason to justify a reversal of the judgment and it is accordingly affirmed. All concur.